**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**VIVIAN M. GENITO,**

                    Plaintiff,

                                    Civil Action No. 6:15-CV-0954 (MAD/TWD)

   vs.                         **COMPLAINT**

**FORSTER & GARBUS LLP,**

                    Defendant.
-------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful collection practices engaged in by Defendant Forster & Garbus LLP. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, Vivian M. Genito is a natural person and a citizen of the State of New York, residing in Herkimer County in the Northern District of New York.

4. Defendant, Forster & Garbus LLP is a domestic company with its principal place of business and corporate offices in Commack, New York.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendant is attempting to collect from Plaintiff a credit card debt allegedly owed to Capital One Bank.

10. On or about March 8, 2006, Defendant mailed a letter to Plaintiff which is attached hereto as **Exhibit A**.

11. **Exhibit A** states, in part:

> "The above named creditor has referred your account to our office for collection with **a notation that you wished all communications to cease and desist**. Since we cannot communicate with you, we are left with no alternative but to institute a lawsuit as instructed by our client and as permitted by law."

(emphasis added)

12. On or about March 20, 2006, Plaintiff's counsel wrote to Defendant informing Defendant that Plaintiff was represented by an attorney with respect to the alleged debt. A copy of the March 20, 2006 correspondence is attached hereto as **Exhibit B**.

13. On or about August 7, 2014, Defendant communicated directly with Plaintiff in an attempt to collect the alleged debt despite knowledge that Plaintiff wished Defendant to cease and desist communicating with Plaintiff and that Plaintiff is represented by counsel with respect to the alleged debt. A copy of the August 7, 2014 collection letter is attached hereto as **Exhibit C**.

14. The August 7, 2014 collection letter states in part: "Pursuant to our agreement the current pay off amount on the above-referenced account is $3,504.62."

15. The August 7, 2014 collection letter is false in that Plaintiff never entered into an agreement with Defendant to pay off the debt.

16. The August 7, 2014 collection letter states in part: "These funds are due in our office on or before 08/07/14."

17. The August 7, 2014 collection letter is deceptive as it appears to offer Plaintiff an opportunity to settle the debt, however, it requires payment on the very same day it was mailed making it impossible for Plaintiff to accept the offer.

**COUNT I**
**COMMUNICATION WITH A REPRESENTED PARTY**
**IN VIOLATION OF 15 U.S.C. § 1692a(2)**

18. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant continued to communicate directly with Plaintiff despite knowledge hat Plaintiff was represented by a consumer with respect to such debt in violation of 15 U.S.C. § 1692a(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO CEASE AND DESIST COMMUNICATION IN VIOLATION OF 15 U.S.C. § 1692c(c)

20. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

21. Defendant continued to communicate with Plaintiff after Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further communication with Plaintiff in violation of 15 U.S.C. § 1692c(c).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE OR MISLEADING REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

22.  Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

23.  Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE REPRESENTATION OR DECEPTIVE MEANS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

24.  Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

25.  Defendant used false representations or deceptive means to collect or attempt to collect the debt or to obtain information a consumer in violation of 15 U.S.C. §1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
James S. Giardina, Esq.
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
