UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VIVIAN M. GENITO,

                        Plaintiff,

    -vs-                                **Case No. 15-0954-MAD/TWD**

FORSTER & GARBUS, LLP

                        Defendant.

## ANSWER TO COMPLAINT

Defendant, FORSTER & GARBUS, LLP ("F&G" or "Defendant"), by its attorneys, Davidson Fink LLP, for its Answer to Plaintiff's Complaint, allege as follows:

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, admits that the Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant, or has stated one within the Complaint.

2. In response to the allegations contained in paragraph 2 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in this paragraph of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint that the Plaintiff Vivian M. Genito, is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in those remaining allegations contained in this paragraph of the Complaint.

4.      F&G admits the allegations contained in paragraphs 4, 5, 6, 7 and 8 of the Complaint that it is a limited liability law partnership which is in the business of debt collections with offices in Commack, New York, and otherwise denies the remaining allegations contained in those paragraphs of the Complaint.

5.      F&G admits the allegations contained in paragraph 9 of the Complaint that it sought to collect a debt from the Plaintiff, and denies the remaining allegations contained in those paragraphs of the Complaint.

6.      Admits the allegations contained in paragraphs 10 and 11, 12, 13, 14, 15, 16 and 17 of the Complaint, to the extent the documents speak for themselves and otherwise denies the remaining allegations contained in those paragraphs of the Complaint.

7.      In response to the allegations contained in paragraph 18 of the Complaint, Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

8.      Denies the allegations contained in paragraph 19 of the Complaint.

9.      Denies the allegations contained in the first WHEREFORE clause of the Complaint.

10.     In response to the allegations contained in paragraph 20 of the Complaint, Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

11.     Denies the allegations contained in paragraph 21 of the Complaint.

12.     Denies the allegations contained in the second WHEREFORE clause of the Complaint.

13. In response to the allegations contained in paragraph 22 of the Complaint, Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

14. Denies the allegations contained in paragraph 23 of the Complaint.

15. Denies the allegations contained in the third WHEREFORE clause of the Complaint.

16. In response to the allegations contained in paragraph 24 of the Complaint, Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

17. Denies the allegations contained in paragraph 25 of the Complaint.

18. Denies the allegations contained in the fourth WHEREFORE clause of the Complaint.

19. Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

### AS FOR A FIRST AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

20. Repeats and realleges each and every allegation contained in paragraphs 1 through 19 above as though set forth in full herein.

21. Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

### AS FOR A SECOND AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

22. Repeats and realleges each and every allegation contained in paragraphs 1 through 21 above as though set forth in full herein.

23. Plaintiff has failed to state a claim for actual damages in accordance with 15 U.S.C. §1692k.

### AS FOR A THIRD AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

24. Repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as though set forth in full herein.

25. Plaintiff failed to mitigate damages, if any.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

26. Repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as though set forth in full herein.

27. If there were any FDCPA violations on the part of F&G, such violations were non-intentional and a *bona fide* error, *inter alia*, for purposes of 15 U.S.C. §1692k(b)(c).

### AS FOR A FIFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

28. Repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as though set forth in full herein.

29. Any communications or collections activity taken by Defendant in an attempt to collect on the subject debt occurred outside of the applicable statute of limitations including but not limited to Plaintiff's March 20, 2006 letter.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

30. Repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as though set forth in full herein.

31.     F&G was advised by Plaintiff's counsel's office on July 31, 2014 that its office no longer represented the Plaintiff and that F&G was therefore justified in sending Plaintiff the August 8, 2014 payoff letter at issue in the lawsuit.

WHEREFORE, Defendant respectfully request that Plaintiff's Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: September 24, 2015
      Rochester, New York         /s/:  Glenn M. Fjermedal
                                           Glenn M. Fjermedal, Esq.
                                           DAVIDSON FINK LLP
                                           28 East Main Street, Suite 1700
                                           Rochester, New York 14614
                                           Telephone:  (585) 546-6448
                                           *Attorneys for Defendant*