**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**VIVIAN M. GENITO,**

                               **Plaintiff,**

    **vs.**                                                **6:15-cv-00954**
                                                            **(MAD/TWD)**

**FORSTER & GARBUS LLP,**

                               **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**THE CONSUMER RIGHTS**              **JAMES S. GIARDINA, ESQ.**
**LAW GROUP, PLLC**
3104 West Waters Avenue
Suite 200
Tampa, Florida 33614-2877
Attorneys for Plaintiff

**DAVIDSON FINK LLP**                  **GLENN M. FJERMEDAL, ESQ.**
28 Main Street East
Suite 1700
Rochester, New York 14614
Attorneys for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     On August 5, 2015, Plaintiff Vivian M. Genito ("Plaintiff") commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See* Dkt. No. 1. Plaintiff accepted an offer of judgment in the amount of $1,001.00, and the Court granted her motion for entry of judgment on February 2, 2016. *See* Dkt. No. 15. That order reserved on the issue of Plaintiff's attorney fees and costs pending a stipulation by the Parties. *See id.* When the Parties were not able to reach an agreement, Plaintiff filed this pending motion for attorney fees and costs. *See* Dkt. No. 16. The Court entered an order for the requested costs, *see* Dkt. No.

19, and now addresses the request for attorney fees. Defendant has not filed any opposition to the present motion.

Pursuant to the FDCPA, a prevailing plaintiff can collect the costs and the reasonable attorney fees, as determined by the court, associated with enforcing the liability set forth in the Act. *See* 15 U.S.C. § 1692k(a)(3). Having found authority for an award of attorney fees to Plaintiff, the Court must now determine whether Plaintiff's fee request is reasonable. In awarding attorney fees, the district court is to determine the "presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health,* 652 F.3d 277, 289 (2d Cir. 2011). "When a litigant qualifies as one eligible for attorney's fees under the FDCPA, the district court has the discretion to adjust the amount of fees for various portions of the litigation, guided by reason and the statutory criteria." *See Kapoor v. Rosental*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing 15 U.S.C. § 1692k(a)(3)).

The starting point for the courts in calculating attorney fees is commonly the "lodestar" method, which "is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)). "The 'lodestar' figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Goins v. JBC Assocs., P.C.*, No. 3:03 CV 636, 2006 WL 540332, *1 (D. Conn. Mar. 6, 2006) (quoting *Luciano*, 109 F.3d at 115) (internal quotation marks omitted). This initial calculation provides an estimate of the value of the legal services provided by a plaintiff's counsel. *See Hensley*, 461 U.S.

at 433. The district court then has discretion to "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (internal citations omitted).

"[A]n application for attorneys' fees must be supported by detailed, contemporaneous time records indicating the attorney who performed the work, 'the date, the hours expended, and the nature of the work done.'" *People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 363 (N.D.N.Y. 2001) (quoting *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). "While the fee applicant's records need not be extraordinarily detailed, they must identify the general subject matter of the claimed time expenditures." *Id.* (citing *Hensley*, 461 U.S. at 437 n.12) (other citations omitted).

In determining a reasonable fee, the district court "should exclude . . . hours that were not 'reasonably expended,'" including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (citation omitted). The relevant inquiry for the Court "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). In excluding hours that were not reasonably expended, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146).

In this case, the time records submitted, *see* Dkt. No. 17-2, are sufficiently detailed. Plaintiff has discounted the total billing time by 25% in recognition that "many of the hours spent on the case were expended performing routine and repetitive tasks that took longer than necessary due to lack of cooperation from Defendant." Dkt. No. 17 at 9. The Court has reviewed the billing entries and finds that there are excessive, redundant, or otherwise unnecessary hours included in

3

the record. The Court finds that a 25% reduction in the total billing is appropriate and results in a reasonable number of hours for the litigation involved in this case.

The reasonable hourly rate used by the district court in determining the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). When "stepping into the shoes of the reasonable, paying client," the court is to bear in mind that the reasonable client "wishes to pay the least amount necessary to litigate the case effectively." *Id.* In determining what a reasonable, paying client would be willing to pay, the Court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n. 3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

Furthermore, the Second Circuit "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Accordingly, the Court finds that the prevailing hourly rates for the Northern District of New York are the appropriate guide for reasonable hourly fees in this case. As recently as 2012, the Second Circuit has upheld determinations that "[t]he prevailing hourly rates in [the Northern District of New York], which are what a reasonable, paying client

4

would be willing to pay, are $210 per hour for an experienced attorney [and] $150 per hour for an attorney with more than four years experience." *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Bergerson*, 652 F.3d at 290); *see also Picinich v. United Parcel Serv.*, No. 5:01-CV-01868, 2008 WL 1766746, *2 (N.D.N.Y. Apr. 14, 2008). In FDCPA awards of attorney fees, the Northern District has approved hourly rates from $210 to $250 for experienced attorneys. *See Van Echaute v. Law Office of Thomas Landis, Esq.*, 6:09-CV-1071, 2011 WL 1302195, *4 (N.D.N.Y. Mar. 31, 2011); *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 197 (N.D.N.Y. 2008). This Court notes, as did U.S. District Judge Mordue (then Chief Judge), that there is nothing about the present case that indicates a specialized practice in consumer litigation was required for its resolution. *See Van Echaute*, 2011 WL 1302195 at *3. Here, Plaintiff requests an hourly rate of $275 for his attorney fees, but the Court finds that an hourly rate of $225 is reasonable in this case, taking into consideration the complexity of the legal issues, the stage of the litigation at the time consent judgment was entered, and the experience of James S. Giardina, Plaintiff's attorney.

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney fees (Dkt. No. 17) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff is awarded attorney fees at an hourly rate of $225;
2. Plaintiff is awarded attorney fees for a total of 37.35 billable hours; and the Court further

**ORDERS** that Plaintiff is awarded $8403.75 in attorney's fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge